UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERDAN SLIPFORMING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:20 CV 32 CDP |
| | ) |
| LOCAL UNION 513 PENSION FUND, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In this action, plaintiff requests that the Court appoint an arbitrator to resolve the parties' underlying dispute over defendant's assessment of withdrawal liability against plaintiff under 29 U.S.C. §§1381-1405 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (ERISA).  Withdrawal liability disputes under ERISA must be submitted to arbitration.  29 U.S.C. § 1401(a) ("Any dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under sections 1381 through 1399 under this title shall be resolved through arbitration.").  The parties agree that this Court shall appoint an arbitrator to resolve their underlying dispute as required by 29 U.S.C. § 1401 because they have failed to agree on the selection of an arbitrator.  *See* 29 C.F.R. § 4221.4 (e) ("If the parties fail to select an arbitrator . . . either party or both may seek the designation and appointment of an arbitrator in a United States

district court pursuant to Title 9 of the United States Code."); 9 U.S.C. § 5 ("[U]pon the application of either party to the controversy the court shall designate and appoint an arbitrator . . . .").

Both parties have submitted proposed arbitrators for the Court's consideration. Defendant objects to plaintiff's proposed arbitrators on the grounds that none have specialized experience in withdrawal liability cases and several have affiliations that could "make their neutrality questionable." Plaintiff objects to defendant's proposed arbitrators on the ground that none are located in St. Louis, Missouri where the arbitration will take place. Upon consideration, the Court concludes that appointment of an arbitrator with experience arbitrating withdrawal liability cases is appropriate and therefore appoints Kathleen R. Opperwall, Esq. to arbitrate the parties' dispute. The Court notes that Ms. Opperwall's resume indicates the ability and willingness to travel for arbitration disputes. The parties did not indicate in their briefing whether any of the proposed arbitrators are able and willing to arbitrate their dispute. If Ms. Opperwall is unable or unwilling to serve as arbitrator, the parties must request appointment of a different arbitrator within seven (7) days of the date of this Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's amended motion for appointment of arbitrator [15] is granted only as follows: Kathleen R. Opperwall, Esq. is appointed to arbitrate the parties' dispute.  In all other respects, the motion is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint arbitrator [14] is denied as moot.

**IT IS FURTHER ORDERED** that as the Court has resolved the only dispute before it that the Clerk of the Court shall terminate this case.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of April, 2020.